UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD OATIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CV-1867 NAB |
| | ) | |
| NANCY A. BERRYHILL[1], | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Edward Oatis' application for supplemental security income under the Social Security Act, 42 U.S.C. § 416 *et seq.* Oatis alleged disability due to injury to right wrist, high blood pressure, and trouble understanding. (Tr. 201.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcripts and the medical evidence. The Court heard oral argument in this matter on January 25, 2017. For the reasons set forth below, the Court will affirm the Commissioner's final decision.

---

[1] At the time this case was filed, Carolyn W. Colvin was the Acting Commissioner of Social Security. Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Nancy A. Berryhill for Carolyn W. Colvin in this matter.

## I. Issues for Review

Oatis presents one issue for review. He contends that the residual functional capacity (RFC) is not supported by substantial evidence for three reasons: (1) failure to include manipulative limitations due to Oatis' severe impairment of dominant right upper extremity, (2) erroneous finding that he could perform work at the medium exertional level, and (3) an unsupported credibility analysis. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II. Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the

evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physician;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

### III. Discussion

Oatis contends that the ALJ's RFC determination is not supported by substantial evidence. Oatis states that the ALJ erroneously failed to include sufficient manipulative limitations of the dominant right upper extremity, erroneously found that he could perform work at the medium exertional level, and improperly discounted his credibility.

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related

activities on a regular and continuing basis.[2]  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations.  *Pearsall*, 274 F.3d at 1217.  An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record.  *See Cox*, 471 F.3d at 907.  "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record."  *Willcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008).  In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record."  20 C.F.R. § 416.927(b).  "A disability claimant has the burden to establish her RFC."  *Eichelberger*, 390 F.3d 584, 591 (8th Cir. 2004) (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)).  The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians.  *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011).  The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion.

In this action, the ALJ found that Oatis had the severe impairments of benign essential hypertension, obesity, and residuals of status-post remote right wrist surgical repair.  (Tr. 13.) The ALJ determined that Oatis had the RFC to perform medium work[3] with the following limitations:  (1) no lifting more than 50 pounds occasionally and 25 pounds frequently; (2) no standing or walking more than six hours in an 8 hour workday with normal work breaks; (3) no

---

[2] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.  SSR 96-8p, 1996 WL 374184, at *1.
[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  29 U.S.C. § 416.967(c).

constant use of the dominant right upper extremity for fine manipulation (fingering); and (4) limited to performing simple, routine, repetitive tasks. (Tr. 15.)

### A. Credibility

First, the Court will address Oatis' claim that the credibility determination is not supported by substantial evidence. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* Although an ALJ may not discredit a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the

court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

In this case, the ALJ discredited Oatis' credibility for several reasons. The ALJ noted that Oatis never worked more than sporadically and had never demonstrated a consistent motivation to work. (Tr. 16.) The ALJ also stated that Oatis' daily activities are inconsistent with his allegations of disabling symptoms and limitations. (Tr. 16.) The ALJ noted that no doctor has given Oatis work-related restrictions and he has required minimal or conservative treatment during the relevant period of alleged disability. (Tr. 16.) The ALJ also noted that Oatis had not sought or required medical treatment for his history of right wrist repair surgery. (Tr. 17.) Oatis contends that the ALJ improperly evaluated his credibility by failing to account for his testimony that he worked for himself in construction up until his injury occurred in 2005 and mischaracterized his activities of daily living. Oatis also notes that the ALJ incorrectly stated that he did not require the use of prescribed orthotic or assistive devices. Finally, Oatis stated that he testified that he was unable to obtain sufficient treatment due to lack of finances.

The ALJ considered several factors in evaluating Oatis' credibility. All of the factors considered by the ALJ can be considered when assessing credibility in a social security disability case. *See Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (ALJ reasonably concluded that claimant's sporadic work history raises some questions as to whether the current unemployment is truly the result of medical problems); *Moore v. Astrue,* 572 F.3d 520, 524-25 (8th Cir. 2009) (appropriate for ALJ to consider conservative or minimal treatment in assessing credibility); *Juszczyk v.* Astrue, 542 F.3d 626, 632 (8th Cir. 2008) (If an ALJ explicitly discredits a claimant's testimony and gives good reasons for doing so, deference is given to the ALJ's credibility determination).

In this case, the record supports the ALJ credibility finding regarding Oatis' lack of work history. Oatis did not have any reported earnings between 1992 and 2013. (Tr. 178, 183.) His most recent reported earnings occurred in 1991. (Tr. 178, 183.) Oatis only reported 4 quarters of work in 1987, 1988, and 1990. (Tr. 178.) Notwithstanding Oatis' testimony that he did work, he "is either untruthful in reporting his income or untruthful in portraying his work history." Therefore, the ALJ could discount his credibility on this basis. *Wright v. Colvin*, 789 F.3d 847, 854 (8th Cir. 2015).

Next, the record shows that Oatis regularly attended the doctor for follow-up to monitor his high blood pressure and obesity during the relevant time period, but had no treatment for his right wrist injury. Oatis has presented no evidence that he required ongoing treatment for his prior right wrist injury or that he was denied access to care based on financial reasons. Further, although Oatis alleged substantial physical limitations, there is no support in the medical record that indicate such limitations are necessary. Finally, the ALJ's erroneous statement that Oatis had not required the use of an orthotic or assistive device was a harmless error.[4] *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (to show that an error was not harmless, a claimant must provide some indication that the ALJ would have decided the case differently if the error had not occurred).

A review of the entire record demonstrates that ALJ did not rely solely upon any one of the factors in the credibility analysis. Considering the combination of the factors relied upon by the ALJ, substantial evidence in the record supports the ALJ's credibility findings. Based on the

---

[4] The ALJ's opinion contains the statement, "There is no evidence the claimant requires the use of prescribed orthotic or assistive devices." (Tr. 16.) The medical record indicates that a podiatrist recommended foot orthotics for Oatis' flat foot and joint instability of the ankle/foot. (Tr. 573.) This factual error does not affect the outcome of the ALJ's decision.

7

foregoing, the Court finds that the ALJ's credibility determination was supported by substantial evidence in the record as a whole.

### B. Manipulative Limitations

Next, Oatis asserts that the ALJ failed to include sufficient limitations regarding manipulation in his right dominant upper extremity. The administrative record indicates that Oatis had right wrist surgery in 2005 and received physical therapy for several months after the surgery. (Tr. 264-305, 307-334). After this injury Oatis applied for social security benefits twice, in 2008 and 2011 respectively. Both applications were denied. (Tr. 59-64, 77-84.) The ALJ's opinion noted that those two prior applications were closed and *res judicata* applied. (Tr. 11.) Therefore, the ALJ was only considering whether Oatis was disabled at any time after the last unfavorable hearing decision on May 22, 2012. (Tr. 11.)

During those prior applications, Oatis had two consultative examinations, which occurred on November 7, 2007 and May 10, 2011. (Tr. 335-39, 362-66.) Both examinations were normal, except that Oatis' grip strength was 4/5 in his right hand and his upper right extremity strength was 4/5. (Tr. 338, 365.) It was noted that Oatis complained of pain and weakness and experienced difficulty picking up a safety pin during the 2011 visit. (Tr. 365.) In this action, the ALJ found that Oatis was limited to no constant fingering with the dominant right hand. (Tr. 15, 17.) Oatis contends that the consultative examinations from 2007 and 2011 should have been considered by the ALJ when determining the manipulative limitations and if he had considered them, the manipulative limitations would have been greater. The ALJ did not mention the consultative examinations in the opinion, but stated that he considered the entire record. The ALJ cited to the medical evidence and Oatis' hearing testimony regarding the limitations in use of his right hand and shoulder. (Tr. 16-18.)

8

"Res judicata bars subsequent applications for SSDI and SSI based on the same facts and issues the Commissioner previously found to be insufficient to prove the claimant was disabled." *Hillier v. Soc. Sec. Admin.*, 486 F.3d 359, 364 (8th Cir. 2007). "If res judicata applies, the medical evidence from the initial proceeding cannot be subsequently reevaluated." *Id.* at 365. "Res judicata only precludes subsequent applications for SSDI and SSI if the claimant has not presented any new evidence that [his] condition changed or deteriorated since the prior proceeding." *Id.* "New evidence includes both facts and issues that differ from the facts and issues of concern at the prior proceeding, as well as evidence that was not part of the record in the prior proceeding." *Id.* "Especially in the context of a progressive disease or a degenerative condition, evidence that is offered as proof of disability and not found persuasive by an ALJ in a prior proceeding may be considered in a subsequent proceeding in combination with the new evidence for the purpose of determining if the claimant has become disabled since the ALJ's previous decision." *Id.*

In this action, Oatis has not produced any evidence of a deterioration of his condition regarding his right wrist injury. Res judicata applies in this case and the ALJ was not required to consider the 2007 and 2011 consultative examinations other than as longitudinal evidence. Even if the ALJ had considered the consultative examinations, Oatis has the burden to show that the consultative examination in combination with the "new" evidence since the last denial supports a finding of disability. *Hillier*, 486 F.3d at 385. He has not done so. The Court has already found that the ALJ did not err in discounting the credibility of Oatis' testimony. In conjunction with a medical record lacking evidence of continuing physical restrictions or treatment for the right wrist injury and mild limitations indicated in the most recent consultative examinations, the Court cannot find that the ALJ erred in determining the manipulative limitations for the RFC.

### C. Medium Level Work

Finally, Oatis contends that the ALJ failed to properly explain why Oatis could perform medium work despite his limitations. In this case, the ALJ found that while Oatis' obesity "imposed some diminution in mobility and stamina," it did not significantly reduce his overall functional capacity. (Tr. 17.) The ALJ also noted that Oatis' physical examinations were relatively unremarkable, except for his hypertension and "all other documented impairments were minor or acute illnesses resulting in no significant long-term functional limitations or complications." (Tr. 17.) The Court finds that the ALJ adequately expressed the reasoning for the RFC determination, including the medium exertional limit. The ALJ must form the RFC based on a review of all the evidence in the record, however, it is the claimant's burden to prove the RFC. A review of the record as a whole demonstrates that Oatis has some restrictions in his functioning and ability to perform work related activities, however, he did not carry his burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC).

### IV. Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only 'enough that a reasonable person would find it adequate to support the decision,' and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome,

or because the court would have decided the case differently. *Id.* Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 13.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Nancy A. Berryhill for Carolyn W. Colvin in the court record of this case.


Dated this 25th day of January, 2017.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE